NOT FOR PUBLICATION



# FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| RAUL CAIZ, individually, | ) | No. 17-55051 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:15-cv-09044-RSWL-AGR |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| WILLIAM LEONARD | ) | |
| ROBERTS II, an individual, AKA | ) | |
| Mastermind, AKA Rick Ross; | ) | |
| UNIVERSAL MUSIC GROUP, | ) | |
| INC., a California Corporation; | ) | |
| DEF JAM RECORDS, INC., | ) | |
| Delaware Corporation; MAYBACH | ) | |
| MUSIC GROUP, LLC, a Florida | ) | |
| Limited Liability Company, DOES 1 | ) | |
| through 10, inclusive, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted June 5, 2018
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and BENNETT,[**] District Judge.

Raul Caiz appeals the district court's grant of summary judgment[1] in favor of William Leonard Roberts II (also known as Mastermind and Rick Ross), Def Jam Recordings, Inc., Maybach Music Group, LLC, and Universal Music Group, Inc. (collectively "Alleged Infringers"), in Caiz's action for infringement of his registered trademark, MASTERMIND, Registration Number 4,366,332 (hereafter "the Trademark"). We reverse and remand.

Caiz asserts that the district court erred when it determined that Caiz could not prevail on his trademark infringement claim[2] because the Trademark was not a "'valid, protectable trademark,'"[3] and also directed cancellation of the registration of the Trademark.[4] We agree.

We recognize that "[a] plaintiff bears the ultimate burden of proof in a

---

[**]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

[1]*Caiz v. Roberts*, 224 F. Supp. 3d 944, 947 (C.D. Cal. 2016).

[2]*See* 15 U.S.C. § 1114(1)(a).

[3]*See Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).

[4]*See* 15 U.S.C. § 1119.

2

trademark-infringement action that the trademark is valid and protectable."

*Zobmondo*, 602 F.3d at 1113. Moreover, only a distinctive mark is "valid and

protectable." *Id.*; *see also KP Permanent Make-Up, Inc. v. Lasting Impression I,*

*Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). However, the Trademark was registered,

which gave rise "to a 'strong presumption' that the mark is a protectable mark,"[5]

and, while that presumption can be overcome,[6] "the burden on the defendant

necessary to overcome that presumption at summary judgment is heavy."[7] Here

the presumption is that the Trademark is valid and suggestive. *See Zobmondo*, 602

F.3d at 1114; *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1199 & n.5 (9th Cir. 2009).

The Alleged Infringers presented some evidence that the Trademark was not

valid, but that evidence by itself was not weighty enough to overcome the

presumption of validity at summary judgment. The evidence tendered by the

Alleged Infringers did not demonstrate that there was no factual dispute that, even

in the context of the music genre and business involved here,[8] no mental leap or

---

[5]*Zobmondo*, 602 F.3d at 1113; *see also* 15 U.S.C. §§ 1057(b), 1115(a); *KP Permanent*, 408 F.3d at 604; *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

[6]*Zobmondo*, 602 F.3d at 1115.

[7]*Id.*

[8]*See Lahoti*, 586 F.3d at 1201.

3

imagination[9] would be needed to connect the Trademark to the products covered by the Trademark. For example, while the Alleged Infringers point to a dictionary definition that uses the word "mastermind" with reference to a musician,[10] that is far from establishing that musicians (or hip hop musicians in particular) necessarily come to mind when the word is used. Moreover, evidence that other musicians have called themselves masterminds does not establish that the word is necessarily descriptive in this instance. Similarly, while the widespread use of the word itself by others might weaken the Trademark's strength,[11] it does not conclusively demonstrate that competitors need to use the word to fairly describe their products.[12]

Overall, we cannot say that the evidence presented in the motion for summary judgment demonstrates that no rational juror could find in favor of Caiz. That is, we need not and do not decide that the Alleged Infringers' evidence has no weight; we decide that it is not weighty enough to counterbalance the heavy burden

---

[9]*See Zobmondo*, 602 F.3d at 1116; *Lahoti*, 586 F.3d at 1198; *see also Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873 (9th Cir. 2002).

[10]Oxford University Press, *Concise Oxford Am. Dictionary* 546 (2006).

[11]*See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1143–44 (9th Cir. 2002).

[12]*See Zobmondo*, 602 F.3d at 1117; *Entrepreneur Media*, 279 F.3d at 1143.

imposed by the presumption at summary judgment.

We note that because of its decision that the Trademark was not at all distinctive as a matter of law, the district court found the Trademark to be invalid and ordered its registration cancelled.[13] We reverse those determinations. The district court, however, saw no reason to consider the Alleged Infringers' other arguments.[14] Similarly, in light of its decision regarding invalidity, the district court saw no reason to consider the Alleged Infringers' fair use defense.[15] We decline to rule on those issues; we leave them to the district court to consider in the first instance. *Cf. Golden Nugget, Inc. v. Am. Stock Exch., Inc.*, 828 F.2d 586, 590 (9th Cir. 1987) (per curiam). Finally, we note that Caiz has not challenged the district court's grant of summary judgment as to his other claims. We, therefore, deem any argument regarding these claims waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Costs are to be taxed against the Appellees.

REVERSED and REMANDED.

---

[13] *See Gracie v. Gracie*, 217 F.3d 1060, 1065–66 (9th Cir. 2000).

[14] *See Caiz*, 224 F. Supp. 3d at 953.

[15] *See id.* at 956; *see also Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150–51 (9th Cir. 2002).